UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>MICHAEL ROBERT JOHNSON AND<br>DARLENE ODETTE JOHNSON<br><br>　　　　　Debtors | Chapter 13<br>Case No. 12-43187-MSH |

**MEMORANDUM OF DECISION AND ORDER ON DEBTORS' ENTITLEMENT TO DISCHARGE**

The Johnsons filed a joint chapter 13 petition commencing this case on August 31, 2012. Because they had received a chapter 7 discharge in a prior case within 4 years, the Court issued the following form notice:

> It appears that in accordance with Title 11 of the U.S. Code, the debtor(s) is/are not entitled to a discharge in bankruptcy because of prior case filings. If you believe this determination is incorrect, you must file a response to this notice with the Court within fourteen (14) days of the date of this notice.

The Johnsons responded to the notice urging the Court to determine that they are eligible for a discharge in this case because even though their prior discharge entered under chapter 7 the case had originally been filed under chapter 13 and was only later converted. The Johnsons' previous case was initiated by a chapter 13 petition filed by them on September 16, 2008. On November 3, 2009, that case was converted from chapter 13 to chapter 7 and the Johnsons obtained a discharge under chapter 7 on April 9, 2010.

A debtor's ability to obtain a discharge in a chapter 13 case may be restricted if the debtor has already received a discharge in a prior case. Section 1328(f) of title 11 of the United States Code (the Bankruptcy Code) provides the relevant guidance. That provision states:

1

>   (f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge--
>   (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
>   (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

Section 1328(f) is susceptible to two very different interpretations. Either a debtor in a pending chapter 13 case may be deprived of a discharge if the date a *discharge was entered* in a prior case occurred within the applicable period set forth in subpart 1 or 2 of § 1328(f) or the discharge may be withheld if *the date of filing* of the prior case in which a discharge was entered occurred during the applicable period.

Two circuit courts of appeals and the Bankruptcy Appellate Panel for the First Circuit have adopted a filing date to filing date test in applying § 1328(f). *Carroll v. Sanders ( In re Sanders)*, 551 F.3d 397, 400 (6th Cir. 2008); *Branigan v.Bateman (In re Bateman),* 515 F.3d 272, 280 (4th Cir. 2008); *Gagne v. Fessenden (In re Gagne)*, 394 B.R. 219, 230 (1st Cir. B.A.P. 2008). *But see In re Sidebottom,* 430 F.3d 893, 897 n.1 (7th Cir. 2005) (which *Bateman* characterized as "dicta.").

In ruling that the relevant time periods are calculated from the filing date of the first case to the filing date of the pending case rather than from the discharge date of the first case to the filing date of the pending case, the courts relied primarily on accepted rules of statutory construction. For example, the "rule of the last antecedent" is a principle of statutory construction which assumes that a limiting clause or phrase (here 4 years or 2 years) modifies only the noun or phrase that it immediately follows (here "in a case filed under"). In *Sanders* the Sixth Circuit Court of Appeals applied the rule of the last antecedent and also the more familiar rule that a statute should be read so that no word is superfluous:

>   [Section] 1328(f)(1)'s pieces fit sensibly together, each phrase modifying the one that

comes before it and each phrase having an independent task to do. The "in a case filed under" phrase that begins subsection (f)(1) modifies "received a discharge," and the phrase that frames the four-year window-"during the 4-year period preceding [the second petition]"-modifies the "filed under" fragment that comes immediately before it. 11 U.S.C. § 1328(f)(1); *cf. Branigan v. Bateman ( In re Bateman*), 515 F.3d 272, 277-78 & n. 8 (4th Cir.2008) (concluding that reading the nearly identical language of § 1328(f)(2) the same way "gives effect to the logical sequence of the language used," because under this reading "[a]ll words are given effect" and "[n]o punctuation needs to be added or deleted" to make sense of the statute) (internal quotation marks omitted). The upshot is this: A debtor may not receive a discharge under chapter 13 if he already received a discharge under chapter 7 and the two cases were filed less than four years apart….

Besides honoring the last-antecedent rule, this construction of the statute has another virtue: It avoids reading the word "filed" out of the statute. Had Congress meant to adopt a discharge-to-filing rule, it could have satisfied that objective "by omitting the word 'filed' entirely" from the provision. *Id.* at 278. The clipped phrase ("a case under") would perform the very function that Carroll contends "in a case *filed* under" accomplishes: denoting the chapter under which the debtor filed his petition. Throughout the Bankruptcy Code, Congress has deployed the "a case under" phrase to perform that same function. *See, e.g.,* 11 U.S.C. §§ 103(a)-(k), 105(d)(2)(B), 321(a), 502(a), 706(a)-(d), 1141(d)(3)(C), 1302(b)(3), 1517(d). Carroll offers no explanation why Congress would have added the word "filed" to § 1328(f)(1) when a more familiar phrase, which does not include the term, would have achieved the same objective. Nor does Carroll's reading offer any role for "filed" to play in the statute, save for superfluity, a result we must resist where possible.

*Sanders*, 551 F.3d at 399-400.

I find the reasoning of the Fourth and Sixth Circuits and the First Circuit BAP persuasive and, therefore, rule that the appropriate chronological standard for applying § 1328(f) is filing date to filing date.

Having established what § 1328(f) means it remains only to apply the statute to the facts here. This is easier said than done. While the Johnsons' prior case was filed on September 16, 2008, as a chapter 13 case it was subsequently converted to chapter 7. Is the ineligibility period for the Johnsons' discharge 2 years (after all the earlier petition was filed under chapter 13) or 4 years (because the case was converted to chapter 7)? In other words, does conversion of a case from one chapter of the Code to another result in the case's being considered "filed' under the converted chapter or not? To the Johnsons this is not merely an academic question. As the

3

current case was filed 16 days shy of 4 years from the petition date of the prior case the Johnsons' entitlement to a discharge in this case hangs in the balance.

Neither conversion nor serial filing is an uncommon occurrence in the world of consumer bankruptcy and so the Johnsons are not trailblazers here. A number of courts have considered the proper application of § 1328(f) in the context of prior converted cases and all but one have held that the case is considered filed under the chapter to which it was converted. *Leavitt v. Finney (In re Finney),* 2013 WL 646379, at *4 (9th Cir. B.A.P. 2013); *In re Dalton*, 09–12024, 2010 WL 55499 (Bankr. M.D.N.C. Jan. 7, 2010); *Grice v. WE Energies (In re Grice),* 373 B.R. 886, 888 (Bankr.W.D. Wis. 2007); *McDow v. Sours (In re Sours),* 350 B.R. 261, 268 (Bankr.E.D. Va. 2006); *McDow v. Capers (In re Capers),* 347 B.R. 169, 171–72 (Bankr. D.S.C. 2006). *But see In re Hamilton*, 383 B.R. 469, 471 (Bankr. W.D. Ark. 2008) (chapter under which case was originally filed determines the relevant period).

The majority view relies on Bankruptcy Code § 348(a) which provides:

Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

I adopt the majority view. It is clear that in legislating the disability periods in § 1328(f) Congress sought to advantage a chapter 13 over the other chapters of the Code by singling it out for the shorter two year disability period. In a situation such as the one here where the prior case started as a chapter 13 but was converted, interpreting § 1328(f) through the prism of § 348(a) is the only way to maintain a principled consistency with this legislative purpose. If Congress wanted to encourage successful chapter 13 cases then applying a relation-back paradigm for converted cases in the context of § 1328(f) makes perfect sense. Where a case starts in chapter 7 but converts to chapter 13 and

4

results in a chapter 13 discharge the debtor is "rewarded" with a 2 year disability before being eligible for another chapter 13 discharge. When a case starts as a chapter 13 (even with the best intentions) but is unsuccessful and converts to chapter 7, the debtor must endure a 4-year discharge disability.

Here the Johnsons' prior case was filed as a chapter 13 but ended up in chapter 7 under which chapter they received a discharge. For purposes of applying § 1328(f), therefore, their prior case is deemed filed under chapter 7 and thus pursuant to § 1328(f)(2) they are subject to a 4 year period of ineligibility for a discharge in a subsequent chapter 13 case. Having filed the present case within such 4 year period the Johnsons are not entitled to a discharge in this case.

It is so ORDERED.

Dated: March 11, 2013                                        By the Court,

                                                             Melvin S. Hoffman
                                                             U.S. Bankruptcy Judge

5